UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 11-375-DLB-EBA

TIMONTE DESHAW HARRIS,                                                                    PETITIONER

vs.                              **MEMORANDUM ORDER AND OPINION**

GARY BECKSTROM,                                                                           RESPONDENT

\* \* \* \* \* \* \*

This matter is before the Court on the Report and Recommendation (R&R) of the United States Magistrate Judge (Doc. # 22), Petitioner's motion to amend his habeas petition and motion to appoint counsel (contained within his Objections) (Doc. # 25), and Petitioner's Motion for a Certificate of Appealability (Doc. # 26). The R&R recommends that Harris's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied. Petitioner has filed Objections to the R&R (Doc. # 25), which are considered *de novo*. *United States v. Evans*, 581 F.3d 333, 338 n.4 (6th Cir. 2009) (a district court judge reviews a magistrate judge's factual findings for clear error and reviews his legal conclusions *de novo*). Respondent having filed no response to the Objections, and the time to do so having now expired, the R&R and Objections thereto are now ripe for the Court's review. Upon review, Defendant's Objections lack merit and will be **overruled**, the R&R will be **adopted** as the Court's opinion, Petitioner's motion to amend his habeas petition and motion to appoint counsel will be **denied**, and his Motion for a Certificate of Appealability will be **denied**.

1

In his Petition for Writ of Habeas Corpus (Doc. # 1), Harris presented ten grounds for relief. In his R&R, the Magistrate Judge found that Grounds 4, 5, 6, and 8 were procedurally defaulted and thus could not be reviewed on the merits. (Doc. # 22, at 13). He also found that Grounds 1, 2, 3, 7, and 10, which alleged ineffective assistance of counsel, were without merit. (*Id.* at 17-22, 25-26). In addition, he found that Ground 9, which alleged that the state court erred in failing to grant Petitioner an evidentiary hearing and in failing to determine that he was denied ineffective assistance of counsel. (*Id.* at 23-25). Finally, he denied Petitioner's request for an evidentiary hearing and for appointment of counsel. (*Id.* at 26-28).

Petitioner's "objections" consist of arguments already presented to and rejected by the Magistrate Judge. He blames the procedurally defaulted claims on his trial and appellate counsel, and argues that the errors committed by his appellate counsel constitute cause to excuse this procedural default under *Martinez v. Ryan*, 132 S. Ct. 1316 (2012). (Doc. # 25, at 4-7). However, Petitioner presented this exact argument to the Magistrate Judge, and the Magistrate Judge found that it lacked merit. (Doc. # 22, at 13-14). Petitioner's argument is therefore not a true objection because it merely restates his original argument. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Consequently, it does not compel further consideration.

Petitioner also requests that the Court grant him leave to amend his Petition (Doc. # 1), and appoint counsel to assist him in amending his Petition. (Doc. # 25, at 7). The Court will construe these requests as motions for leave to amend and to appoint counsel.

It is well-settled Rule 15(a) applies to § 2254 motions. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (recognizing that Rule 15 applies in § 2254 proceedings). Federal Rule of Civil Procedure 15(a)(2) requires courts to "freely give leave when justice so requires." "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. United States Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001).

Liberally construing his motion to amend, it appears that Petitioner wishes to amend his Petition to "supplement the pleadings" regarding "ineffective assistance of appellate counsel." (*Id.*). However, he fails to explain why he wants to "supplement the pleadings," what new allegations he would add to his Petition, or why he is moving to amend at this late stage in litigation. He thus fails to show that his motion is not futile, is brought in good faith, and is not brought for any dilatory purpose. The Court will therefore deny his motion to amend. In addition, since the Court is denying him leave to amend, Petitioner's stated need for appointed counsel is moot and thus the Court will deny his motion to appoint counsel.

Finally, the Court will deny Petitioner's Motion for a Certificate of Appealability (Doc. # 26) because the Court determines there would be no arguable merit for an appeal for the reasons set forth in the Magistrate Judge's well-reasoned R&R.  Accordingly, for the reasons stated herein,

**IT IS ORDERED AND ADJUDGED** that:

(1)     Petitioner's Objections (Doc. # 25) to the Magistrate Judge's Report and Recommendation are hereby **OVERRULED**;

(2)     The Report and Recommendation of the United States Magistrate Judge (Doc. # 22) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(3)     The Petition for Writ of Habeas Corpus (Doc. # 1) pursuant to 28 U.S.C. § 2254 is hereby **DENIED**;

(4)     Petitioner's motion to amend his habeas petition and motion to appoint counsel (Doc. # 25) is hereby **DENIED**;

(5)     This matter is hereby **DISMISSED** and **STRICKEN** from the docket of the Court; and

(6)     That for the reasons set forth in the Magistrate Judge's R&R, the Court determines there would be no arguable merit for an appeal in this matter and, therefore, Petitioner's Motion for a Certificate of Appealability (Doc. # 26) is hereby **DENIED**.

This 7th day of August, 2013.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\Lexington\11-375 Order Adopting R&R - Harris.wpd